## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | Martin C. Ashman |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5910 | **DATE** | 1/28/2004 |
| **CASE TITLE** | Brenda Burke vs. The Prudential Insurance Company of America | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter memorandum opinion and order. Plaintiff's motion for sanctions [14-3] is granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JAN 29 2004 | |
| | Notified counsel by telephone. | | date docketed | 33 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | | |
| ✓ | Copy to judge/magistrate judge. | | 1/28/2004 | |
| | | courtroom deputy's initials | date mailed notice | |
| | IS | | IS | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| BRENDA BURKE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 02 C 5910 |
| | ) | |
| v. | ) | Judge John F. Grady |
| | ) | |
| THE PRUDENTIAL INSURANCE | ) | Magistrate Judge |
| COMPANY OF AMERICA, | ) | Martin C. Ashman |
| | ) | |
| Defendant. | ) | |

DOCKETED JAN 2 9 2004

## MEMORANDUM OPINION AND ORDER

This case is before the Court on Plaintiff Brenda Burke's motion for sanctions.[1] For the reasons set forth below, the Court finds that Plaintiff's motion should be granted in part and denied in part.

## I. Background

Plaintiff filed this action against Defendant Prudential Insurance Company of America alleging that Prudential has denied her the long term disability benefits that she is entitled to under a policy issued by Prudential to AON Corporation, Plaintiff's former employer. The disability policy excludes any disability that is caused even partially by a psychological problem, except for the first 24 months of disability. Prudential claims that the 24 month benefit limitation applied to Plaintiff and that it did not pay Plaintiff beyond the 24 months because she no longer met the qualifications for benefits under the policy.

---

[1] This matter comes before this Court pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.1.

33

On March 12, 2003, Plaintiff propounded discovery requests on Prudential. Prudential responded on April 23,[2] but some of its responses noted: "Prudential repeatedly requested that Plaintiff provide psychiatric medical records and history and to date, Plaintiff has failed to comply." (*E.g.* Prudential Resp. to Interrog. No. 6.) Prudential also objected to "the form of Interrogatory No. 8 [and 9] in that Prudential did not deny Plaintiff's claim, rather, Plaintiff's 24 month Initial Duration expired." The text of the disputed interrogatories will be set forth in the Discussion section below.

On May 21, Plaintiff sent a letter to Prudential detailing the incompleteness of its responses, and Prudential responded by producing claim notes entries. Next, and of significance to our analysis, Plaintiff sent another letter to Prudential seeking more information on June 20. The letter conceded, with respect to the disagreement over the word "deny," that "it is clear from the nature of this dispute and the discovery propounded upon Prudential that the plaintiffs are referring to Prudential's decision to rely upon the 'mental, psychoneurotic or personality disorder' exclusion, which is clearly set forth in Prudential's October 18, 2001, letter."

Prudential responded seven days later and produced documents relating to its policies regarding Social Security benefit offsets. It also reiterated its position that "Prudential did not deny benefits in this case, rather, based on Plaintiff's failure to cooperate in producing her psychological records, Prudential had no other alternative but to determine that Plaintiff no longer met the qualifications under the plan."

On July 15, 2003, Plaintiff filed motions to extend discovery, to compel, and for sanctions. The parties appeared before Judge Grady on July 23, 2003, who instructed them to

---

[2] Plaintiff granted an extension of time to Prudential to respond to the discovery requests.

meet and work out the discovery issues together. After the parties met in early August, Prudential sent Plaintiff a letter reminding her that she was supposed to memorialize the substance of their meeting. Two days later, on August 28, Plaintiff sent an e-mail to Prudential which reiterated again what discovery was still incomplete. Prudential sent a letter to Plaintiff informing her that "investigation continues" on September 9th.

Finally, on October 3, a few days before the parties were scheduled to appear for status in front of this Court, Prudential further supplemented its answers to the interrogatories and provided an Affidavit of Completeness that was (inexplicably) dated September 9.

This Court heard oral argument on the motion for sanctions (the motion to extend discovery having been granted and the motion to compel having been terminated as moot). The parties were given the opportunity to additionally brief this issue after the oral argument and have provided supplemental briefs.

## II. Discussion

Plaintiff asks this Court for sanctions against Prudential for its failure to respond to discovery which necessitated the motion to compel. Pursuant to Federal Rule of Civil Procedure 37(a)(4)(A), if a motion to compel is granted, or the nonmoving party produces the information sought after the motion to compel is filed, the moving party may be awarded reasonable expenses, including attorney's fees, incurred in bringing the motion. The motion for sanctions will be granted unless the moving party failed to make a good faith effort to obtain the information without court action. Fed. R. Civ. P. 37(a)(4)(A). The nonmoving party may also avoid the sanctions if its position was "substantially justified, or that other circumstances make

an award of expenses unjust." Fed. R. Civ. P. 37(a)(4)(A); *see also Rickels v. City of South Bend*, 33 F.3d 785, 787 (7th Cir. 1985) (noting that Rule 37(a)(4) is a fee-shifting rule and the victor is entitled to fees and expenses). If the motion to compel is granted in part and denied in part, the court may apportion the reasonable expenses in a just manner. Fed. R. Civ. P. 37(a)(4)(C).

The non-moving party cannot avoid sanctions by producing the information after the motion to compel is filed. *Illinois Tool Works, Inc. v. Metro Mark Prods., Ltd.*, 43 F. Supp. 2d 951, 960 (N.D. Ill. 1999). Instead, it bears the burden of proving that its initial position was substantially justified. *Rickels*, 33 F.3d at 787. If the nonmoving party cannot show this, then the moving party is entitled to reasonable incurred costs and fees that were the product of the nonmoving party's failure to provide the requested information and the resulting motion practice. *Illinois Tool Works*, 43 F. Supp. 2d at 962.

We first note that Plaintiff made the requisite good faith effort to resolve the discovery disputes without court intervention. She sent various letters detailing what she believed was inadequate about Prudential's answers to the interrogatories. We agree with Plaintiff that Prudential's dispute over Plaintiff's use of the word "denial" was merely a question of semantics. This Court agrees with Plaintiff that where an insurance company fails to pay that which a claimant requests, it has denied a claim. And, if there is any legal significance of this term by statute or case law that would justify Prudential's disagreement over this word, Prudential has not brought it to the Court's attention.

Regardless, Plaintiff even agreed (in its June 20, 2003 letter), prior to appearing in front of Judge Grady, and prior to filing the motion to compel, that Prudential should interpret the term

"deny" as Prudential's position regarding Plaintiff's claim as it was expressed in Prudential's October 18, 2001 letter to Plaintiff.[3] Prudential had no reason to continue to refuse to produce the information based on Plaintiff's use of the terms "deny" and "denial." Its position was not substantially justified.[4]

We can also see no reason why Prudential did not start gathering information after the parties met in early August. Although Prudential claims that it was waiting on Plaintiff to provide a letter summarizing their discussions, its representatives were present at the meeting and agreed what would be produced. Prudential could have started its investigations sooner than it did. It wasn't until September 9 that it sent a letter to Plaintiff indicating that "investigation continues," and not until October 3 that it provided the requested information.

We will examine each of the contested interrogatories in turn to determine how much information Prudential actually failed to provide.

---

[3] Plaintiff also wrote, "For purposes of clarification, then, the plaintiff's reference to the 'denial' of benefits or the claim refers to Prudential's *decision that she did not meet the qualifications under the Plan.*" Prudential responded seven days later that "Prudential did not deny benefits in this case, rather . . . Prudential had no other alternative but to *determine that Plaintiff no longer met the qualifications under the plan.*" (Emphasis added to both letters.) This nearly identical wording demonstrates that Prudential had no reason to continue to bicker over Plaintiff's use of the word "denial," although it continued to argue this point for months.

[4] Prudential even acknowledged that in the June 20, 2003 letter, "Plaintiff finally clarified what she meant by the 'denial' of benefits." (Prudential Resp. to Plf.'s Mot. at 9.) In contrast to its response to Plaintiff's motion, in its subsequent response to Plaintiff's supplemental reply, also filed with this Court, Prudential claimed, "It was not until August 28, 2003 that Plaintiff clarified what she meant by 'deny.'" (Prudential Resp. to Plf.'s Suppl. Reply at 3.) Thus, we find Prudential's position disingenuous and unpersuasive. We do not believe its claims that even though the parties had a dispute over the term "denial" it did not withhold information from Plaintiff. (Prudential Resp. to Plf.'s Mot. at 8.)

### A. Interrogatory No. 2

Interrogatory No. 2 states: "Identify the documents relied upon by Prudential in support of its position asserted in Prudential's October 18, 2001, letter attached hereto as Exhibit A."

Prudential first responded on April 23, 2003, as follows:

> Subject to and without waiving objections made above, Prudential will produce all documents in its custody, possession, and control that are responsive to this request.

After discussion between the parties, Prudential amended its response on October 3 as follows:

> Prudential relied on the totality of its record as it existed prior to October 18, 2001. This record included, but is not limited to, Plaintiff's medical records, Prudential's SOAP Notes, and Prudential's Telephone Call Log. All of the documents that Prudential relied on in its October 18, 2001 letter have been previously produced to Plaintiff.

Prudential supplemented its responses on May 28 by producing claim notes entries. It did not subsequently significantly amend Interrogatory No. 2 after Plaintiff's motion to compel was filed on July 15. It does not appear that Prudential unduly delayed or incompletely responded to this interrogatory. Therefore, sanctions are not warranted for Prudential's answers to Interrogatory No. 2.

### B. Interrogatory No. 6

Interrogatory No. 6 states: "Identify all persons at Prudential who were involved in any way in Prudential's decision to deny disability benefits to Plaintiff." Prudential first responded on April 23, 2003, as follows:

> Prudential objects to the form of Interrogatory No. 6 in that Prudential did not deny Plaintiff's claim, rather, Plaintiff's 24 month Initial Duration expired. Answering further, Prudential repeatedly requested that Plaintiff provide psychiatric medical records and history and to date, Plaintiff has failed to comply.

> Additionally, the persons who participated in handling Plaintiff's claim are
> disclosed in the documents to be produced by Prudential.

After discussion between the parties and Plaintiff's motion to compel was filed, Prudential supplemented its response on October 3, 2003, as follows:

> Prudential states that Plaintiff has clarified the language of this interrogatory such that it seeks the identification of persons at Prudential who were involved in the decision that Prudential's 24 month benefit limitation applied to Plaintiff. Answering further, Prudential states that the following persons were involved in that decision: [7 employees identified by name and position in the company].

The Court agrees that Prudential's initial response to Interrogatory No. 6 was incomplete. As Prudential acknowledged, the failure of the parties to agree to a protective order regarding Plaintiff's psychiatric records is not relevant to Plaintiff's motion, (Prudential Resp. to Plf.'s Mot. at 10), just as it was not relevant to Prudential's responses to Plaintiff's interrogatories. Prudential cannot withhold discovery merely because it believed that Plaintiff had not provided all of her psychiatric medical records. Self-help in litigation is not condoned by the courts.

Furthermore, Prudential produced many documents, and it was unreasonable for it to expect Plaintiff to sort through all the documents in order to speculate as to who were the key players in Prudential's decision regarding Plaintiff's benefits. The instructions to the interrogatories defined "identify" when used in connection with a natural person as providing "his or her full name, present or last known business and home address and business and home telephone numbers, job title, and to state the relationship, business or otherwise, between such person and the person answering the interrogatory." Prudential should have provided the full names as instructed, rather than just a stack of documents (which may or may not have included these people's names), and should have indicated if the person was no longer employed at Prudential. It failed to comply with these instructions until October 3, and did not bother to

inform Plaintiff earlier that one of the seven was no longer employed by Prudential, and that another person was on maternity leave until November.

Prudential could have answered this interrogatory sooner, and its failure to do so until after the motion to compel was filed hindered Plaintiff's ability to proceed with the case. Prudential's argument that it previously identified five of the seven people in its response to Interrogatory No. 4 only further supports the Court's conclusion that Prudential deliberately delayed discovery. If it knew the identities of five of the seven people it should have provided that information back in April, and supplemented its response as soon as it knew the other two people. Prudential's position was not substantially justified, and therefore sanctions are warranted for its failure to adequately respond to Interrogatory No. 6.

### C.  Interrogatories Nos. 8 and 9

The responses to Interrogatories Nos. 8 and 9 are substantially the same, so they will be discussed together. Interrogatory No. 8 states as follows: "Identify the date on which Prudential first considered denying Plaintiff's claim for disability benefits." Interrogatory No. 9 states as follows: "Identify the date on which Prudential internally made the decision to deny Plaintiff's claim for benefits under the Prudential policy." Prudential's original response was:

> Prudential objects to the form of [Interrogatories 8 and 9] in that Prudential did not deny Plaintiff's claim, rather, Plaintiff's 24 month Initial Duration expired. Answering further, Prudential repeatedly requested that Plaintiff provide psychiatric medical records and history and to date, Plaintiff has failed to comply.

After discussion between the parties and Plaintiff's motion to compel was filed, Prudential supplemented its response to Interrogatory No. 8 in October as follows:

> Prudential states that Plaintiff has clarified the language of this interrogatory such that it seeks the date on which Prudential first determined that its 24 month benefit limitation would apply to Plaintiff. Answering further, Prudential states that while it is not possible to identify a specific date on which Prudential "first" considered this decision, it appears that on May 22, 2001 Brian Fuller documented that it was more likely than not that the benefit limitation would apply. This determination was communicated to Plaintiff's attorney in a telephone call on July 11, 2001 and in written form on October 18, 2001. While previously produced, attached hereto are Prudential's May 22, 2001 SOAP Note and June 11, 2001 Telephone Log, documenting these matters.

Its supplemented response to Interrogatory No. 9 was as follows:

> Prudential states that Plaintiff has clarified the language of this interrogatory . . . . Answering further, Prudential states that while a specific date is impossible to identify, it appears that on May 22, 2001 Prudential representative, Brian Fuller, determined that it was more likely than not that Prudential's benefit limitation would apply. While already produced, attached hereto is Prudential's SOAP Note from May 22, 2001.

Again, Plaintiff's alleged failure to provide psychiatric and medical records has no bearing on Prudential's responsibility to provide the requested information. Furthermore, on June 20, Plaintiff agreed that "deny" referred to Prudential's position as set forth in its October 18, 2001 letter. Prudential had ample opportunity to answer this interrogatory, and its failure to do so was not substantially justified. The parties met at the beginning of August, and came to an agreement as to what information would be produced. Even if Plaintiff waited until August 26 to memorialize their discussions, Prudential could have supplemented its response sooner than October 3. There seems to be no reason why it took all of September to "investigate" this fairly straightforward question and answer. Sanctions are warranted for Prudential's failure to respond to Interrogatories Nos. 8 and 9 until after the motion to compel was filed.

### III. Conclusion

For the foregoing reasons, the Court grants Plaintiff's motion for sanctions in part and denies Plaintiff's motion in part. Plaintiff is directed to file a fee petition for expenses incurred in filing her motions and expenses in relation thereto, within 21 days of the date of this order, taking into account the fact that the Court granted her motion for sanctions for three of the four interrogatories.

**ENTER ORDER:**

*[signature]*

**MARTIN C. ASHMAN**
United States Magistrate Judge

Dated: January 28, 2004.

Copies have been mailed to:

| | |
|---|---|
| DAVID G. WILLS, Esq. | LEONARD S. SHIFFLETT, Esq. |
| AMY E. JOHNSON, Esq. | BRENDAN O'CONNOR, Esq. |
| Pretzel & Stouffer, Chtd. | Quarles & Brady, L.L.P. |
| One South Wacker Drive | 500 West Madison Street |
| Suite 2500 | Suite 3700 |
| Chicago, IL 60606 | Chicago, IL 60661 |
| Attorneys for Plaintiff | Attorneys for Defendant |