# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5910 | **DATE** | 7/7/2004 |
| **CASE TITLE** | Brenda Burke vs. Prudential Insurance Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's Petition for Prejudgment Interest and Attorneys Fees and Costs is allowed. The parties shall confer pursuant to Local Rule 54.3. If a fee petition is necessary, plaintiff shall file it by August 6, 2004 and defendant may respond by August 20, 2004. A proposed judgment order may be submitted for the agreed amounts of benefits and prejudgment interest. The court will reserve jurisdiction to decide the question of fees and costs.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | JUL 0 9 2004 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 7/7/2004 | |
| KM | courtroom deputy's initials | 2004 JUL -8 PM 4:37 U.S. DISTRICT COURT CLERK Date/time received in central Clerk's Office | date mailed notice KM mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| BRENDA BURKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02 C 5910 |
| | ) | |
| THE PRUDENTIAL INSURANCE | ) | |
| COMPANY OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**DOCKETED JUL 0 9 2004**

## MEMORANDUM OPINION

The court has considered the memoranda of the parties and makes the following rulings on Plaintiff's Petition for Prejudgment Interest and Attorneys Fees and Costs.

### Prejudgment Interest

The case is governed by <u>Gorenstein Enterprises, Inc. v. Quality Care-USA, Inc</u>., 874 Fd.2d, 431, 436 (7th Cir. 1989), where the Court stated:

> For the future, we suggest that district judges use the prime rate for fixing prejudgment interest where there is no statutory interest rate. That is a readily ascertainable figure which provides a reasonable although rough estimate of the interest rate necessary to compensate plaintiffs not only for the loss of the use of their money but also for the risk of default.

While the court's "suggestion" of the prime rate was not intended as a "straitjacket" for district judges, <u>id</u>. at 437, the only reason the court mentioned for not applying the prime rate would be a concern that it might not be high enough to account for the risk

of default "in deciding what a compensatory rate of interest would be." Id. at 436. In this case, there is no indication that the Prudential Insurance Company of America would be likely to default in the payment of the judgment. The prime rate seems appropriate in the circumstances, and plaintiff's suggestion that we apply the 9% rate provided for in the Illinois Insurance Code for overdue insurance payments has no logic to recommend it over the language of the Seventh Circuit in Gorenstein. Prejudgment interest will be awarded at the prime rate.

## Attorneys' Fees

Here, we agree with plaintiff, whose memorandum lays out in accurate detail just why there was no "solid basis" for the defendant's position in the case. It is true that we did express uncertainty as to whether there was any job plaintiff could perform notwithstanding her disability. We found the question to be close, but in reviewing the discussion of it in the transcript of our decision, we note that all of the evidence pertaining to it had been produced by plaintiff. Nothing had been produced by defendant, and, as plaintiff points out, the issue was never relied upon as a basis for denying payment. Defendant did not raise it until just before trial. It appears to have been an afterthought, and defendant made no attempt to develop it at trial. In any event, the court resolved the issue against the defendant and, proceeding to the real issue in the case, found the evidence to be

overwhelming that defendant had no basis for refusing payment on the basis of the psychiatric exclusion in the policy. Indeed, as plaintiff points out, defendant made no real effort to prove the applicability of the exclusion either in preparation for trial or at trial. It conducted no discovery and offered only the deposition of Dr. Winkler, whose conclusory opinions we found wholly unpersuasive.

Accordingly, the court finds that plaintiff is entitled to her reasonable attorneys' fees and costs. The parties are directed to confer pursuant to Local Rule 54.3 and attempt to agree on the amount. If agreement cannot be reached, then plaintiff shall file a fee petition, in accordance with the Rule, by August 6, 2004, and defendant may respond by August 20, 2004.

In the meantime, in order to permit post-judgment interest to begin accruing, the parties may prepare a judgment order for the amount of benefits and prejudgment interest calculated according to the prime rates applicable at the various relevant times. The order may be presented when ready. It will be entered with a reservation of jurisdiction over the question of fees and costs.

DATE: July 7, 2004

ENTER:

John F. Grady, United States District Judge