# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| BRENDA BURKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 02 C 5910 |
| | ) |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION**

The court has considered the Joint Statement of the parties filed pursuant to Local Rule 54.3, and makes the following rulings:

### I.

Defendant objects to a total of $6,785.50 in attorneys' fees and costs associated with the Lake County proceedings and the fees for research and briefing on the offset for Social Security disability benefits and the proper rate of prejudgment interest. The court agrees with defendant that this amount should be deducted from the plaintiff's fee request. The Lake County complaint alleged a number of state law claims that were preempted by ERISA, which plaintiff's attorneys should have known. (Some of the research time in this category was spent on the question of ERISA preemption.) As for the time spent on the Social Security and prejudgment interest questions, plaintiff was not the prevailing

party on those issues, and therefore we have "an obligation to adjust the award downward to account for time spent on unsuccessful claims." Divane v. Krull Elec. Co., 319 F.3d 307, 315 (7th Cir. 2003). These issues are quite distinct from the claim on which plaintiff did prevail, and the reduction is therefore required.

II.

Defendant argues that a total of $2,953.50 should be deducted for duplicative billing. Basically, defendant argues that time charges for only one attorney should be allowed for trial. There was some duplication, as there always is when more than one attorney works on a case, but the amount was minimal. Each of the two attorneys involved made individual contributions. It was not a matter of one attorney simply sitting and watching another do the work. This objection is overruled.

III.

Defendant asks that plaintiff's request be reduced by $16,358.08 because of the inclusion of non-taxable costs associated with witnesses and depositions. However, plaintiff is not limited to the costs allowable under 28 U.S.C. § 1920 or Federal Rule of Civil Procedure 54(d)(1). The ERISA statute itself gives the court discretion to award a reasonable attorney's fee "and costs of action," 29 U.S.C. § 1132(g)(1). Under such fee-shifting statutes, awards of attorneys' fees "normally include those reasonable out-of-pocket expenses incurred by the attorney and which are normally

charged fee-paying clients." <u>Reichman v. Bonsignore, Brignati & Mazzotta, P.C.</u>, 818 F.2d 278, 283 (2d Cir. 1987)(citation omitted); <u>Lutheran Med. Center of Omaha v. Contractors, Laborers, Teamsters and Engineers Health and Welfare Plan</u>, 814 F.Supp. 799, 804 (D. Neb. 1993)(ERISA case). We think the miscellaneous items objected to are of the kind normally billed to clients, are reasonable in amount, and are sufficiently documented. Accordingly, defendant's objection is overruled.

Defendant objects to the expert witness fees incurred by plaintiff as well as some of the travel expenses incurred by plaintiff's counsel in connection with depositions. It is true that such items are not ordinarily recoverable as taxable costs under 28 U.S.C. § 1920; but again, we are dealing with a fee- and cost-shifting statute. Reasonable travel expenses are therefore appropriate, <u>Smith v. Great American Restaurants, Inc.</u> 969 F.2d 430, 440 (7th Cir. 1992). It would have been impossible to have prosecuted this case successfully without expert testimony, and we believe, therefore, that reasonable expert witness fees are also recoverable.

Defendant argues that no costs should be recoverable for the deposition of Martha Scott because her deposition was not taken. We have no contrary information from plaintiff, and therefore no costs will be allowed for a Martha Scott deposition. Aside from that, there is nothing to indicate that any of the deposition costs

or travel expenses were excessive, and they will be allowed. While the expert witness fees are substantial, they are no higher than are routinely charged in present-day litigation. A party must pay the "market rate" or do without expert testimony, and there is no reason to believe plaintiff could have obtained the testimony more inexpensively. The expert witness fees will therefore be allowed.

## Conclusion

To insure that the award is accurate in amount, we ask that counsel prepare an order in accordance with this opinion and submit it for entry when ready.

DATE:        April 14, 2005

ENTER:       _____
             John F. Grady, United States District Judge